70 F.3d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Federico PADILLA-VALDEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70097.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 3, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federico Padilla-Valdez, a nineteen-year-old native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the decision of the immigration judge (IJ), denying his applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Secs. 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 
 3
 Because the BIA explicitly stated that it was adopting the reasoning of the IJ, we review the IJ's decision. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). We review the denial of asylum for abuse of discretion. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). The denial of withholding of deportation and factual determinations are reviewed for substantial evidence. Id.
 
 
 4
 Under section 208(a) of the INA, the Attorney General has discretion to grant asylum to an applicant who is unwilling to return to his or her native country because of past persecution or a well-founded fear of future persecution. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). To establish eligibility for asylum based on a well-founded fear of persecution, asylum applicants must show both a genuine subjective fear of persecution and an objectively reasonable fear. Id. The burden is on the applicant to meet this standard. Id. "The objective component requires a showing by 'credible, direct, and specific evidence' of facts supporting a reasonable fear of persecution." Id. (quoting Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam)).
 
 
 5
 Padilla-Valdez testified that he left Nicaragua in 1988 at the age of twelve after his mother was incarcerated by the Sandinistas because her brother was a Contra. He testified that his father, an officer in the Somoza military, had been killed by the Sandinistas in 1979. According to Padilla-Valdez, in 1986 he was abducted by armed Sandinistas, taken into the woods, and questioned about his uncle, who was a member of the Contras. He was threatened with death, but the Sandinistas released him unharmed that evening. Padilla-Valdez also testified that the Sandinistas burned down one of his family's houses because of their ties with the Contras, and that beginning in 1987 the Sandinistas began periodically closing the school he attended.[1]
 
 
 6
 The IJ's finding that Padilla-Valdez failed to establish a well-founded fear of future persecution is supported by substantial evidence, including: (1) Padilla-Valdez's testimony that his mother was released from jail, is living on the family farm with one of her children, and has stated that things in Nicaragua have calmed down, and that things for her have improved; (2) the fact that Padilla-Valdez was never physically harmed by the Sandinistas; (3) the fact that he lived in Nicaragua for two years after his brief detention and interrogation in 1986 without ever being detained or threatened again by the Sandinistas; and (4) the fact that in 1990 a new coalition government composed of parties opposed to the Sandinistas succeeded the Sandinista party.
 
 
 7
 Padilla-Valdez also argues that the IJ erred by denying him asylum on the basis of past persecution. While eligibility for asylum may be based on past persecution alone, it is limited to situations in which the applicant has suffered "under atrocious forms of persecution." Acewicz, 984 F.2d at 1062 (citing Matter of Chen, Int. Dec. 3104 at 4 (BIA 1989)); Desir v. Ilchert, 840 F.2d 723, 729 (9th Cir.1988). The IJ found that the actions taken against Padilla-Valdez did not constitute persecution. We cannot say that the evidence would compel a reasonable factfinder to conclude otherwise. See Mendez-Efrain v. INS, 813 F.2d 279, 283 (9th Cir.1987) (finding that applicant failed to establish past persecution based on four day detention).
 
 
 8
 Because the standard for withholding of deportation is higher than the standard for a grant of asylum, we affirm the BIA's denial of withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 9
 Padilla-Valdez's request for attorneys' fees on appeal pursuant to 28 U.S.C. Sec. 2412 is denied.
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Padilla-Valdez states in his brief that he was excluded from attending school because his family did not support the Sandinistas, he testified at the hearing that the school was closed to all students